GAYLE and HEUSTIS, adm'rs *vs.* WEIR.

GAYLE and HEUSTIS, Adm'rs *versus* WEIR.

QUESTION IN THIS CASE.

*Excuse by a Constable for failure to return an execu-
tion.*

1. On a motion against a constable for failure to return an exe-
cution, it is no excuse that he forgot to make a return, when
he delivered it to the magistrate.
2. So, where on an appeal to the County Court, upon such motion,
the constable was permitted to make a return upon the exe-
cution, alleging that he forgot to do so when he returned it
to the justice; held to be error.

This was a motion against Weir, a constable of
the county of Wilcox, for failing to make due return,
on an execution, which had gone into his hands, and
in which the plaintiffs in error were plaintiffs.

The motion was tried before a justice of the peace
of that county, and judgment rendered against Weir,
from which he took an appeal to the County Court.
Before the County Court, proof was made that the exe-
cution went into the defendant's possession; that, at
the time, he was a constable, and that he had
delivered the same to the magistrate, without ma-
king any return thereon. The defendant, by his
own oath, (the amount being under twenty dollars,)
swore that it was *bona fide* his intention to have re-
turned the execution, regularly, but that, at the time
of delivering it to the magistrate, he forgot to in-
dorse the words of his return upon it. The Court,
on this statement, permitted the defendant to make
his return of "no property found." And judgment
was given for the defendant.

3 v. P. 25

The plaintiffs having excepted to the decision of the Court, on the points above stated, took a writ of error to this Court.

Mr. *Clarke,* for the plaintiffs in error.

HOPKINS, J.—The plaintiffs in error obtained, upon a motion before a justice of the peace, a judgment against the defendant, for the amount of an execution, and interest thereon, which had been delivered by the justice to the defendant, as a constable, and which he had failed to return to the justice, on or before the day on which it was made returnable.

The defendant appealed from the judgment, to the County Court of Wilcox county.

When the motion was heard by that Court, the plaintiffs proved by the justice, that the defendant had delivered the execution to him *without* any written return upon it, but, whether the delivery to him was made before or after the return day, he did not remember.

The defendant then made an affidavit, in which among other things not material enough to be noticed, he stated, that from accidental cause he had omitted to write upon the execution a return of "no property found," and moved the Court for leave to make the return then. By the permission of the Court the return was made, ar .'judgment rendered for the defendant.

If the delivery of the execution did not satisfy the demand of the statute, that it should be returned to the justice, the plaintiffs had a right to the motion when they made it. A return ought to contain the constable's answer relative to that which the writ

GAYLE and HEUSTIS, adm'rs *vs.* WEIR

commanded him to do.   It must consist, necessarily, of a statement of one or more facts, and if the statement be untrue, the officer who made it would be liable to the plaintiff in the execution for the false return.[a]

If any thing, the effect of which due diligence could not enable him to avoid, had prevented him from making the return within the proper time, and it had been stated and proved, the Court, in the exercise of the power conferred upon it by the statute law, to try appeals from justices according to the equity, as well as the justice, of the case, might have released him from the penalty, which the plaintiffs claimed.   But neither forgetfulness of his duty, or any other cause, against the consequences of which diligence could guard him, can give him a right to relief.   The statute law gives the plaintiffs a right to obtain, in the mode which they pursued, for such a failure of the constable, a judgment for the amount of that which the justice rendered, and of this right no subsequent return of the constable can deprive them.

Let the judgment be reversed; but because it does not appear when the judgment was rendered, upon which the execution issued, this court cannot ascertain the amount of interest to which the plaintiffs are entitled, the cause must, therefore, be remanded.

SAFFOLD, C. J.— not sitting in this cause.

[a] 19th No.L.
L. 68 — 1
Stew. 10

[b] Aik. Dig.
175—4Bib.
332— Min.
R. 48